**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01878-MSK-MEH

WILLIAM C. SPENT, JR., d/b/a Spent Saddlery & Feeds,

      Plaintiff,

v.

DAN GEOLFOS,

      Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DEEM**
**REQUESTS FOR ADMISSION ADMITTED BY DEFENDANT**

---

COMES NOW Defendant, DAN GEOLFOS, and files this Response to Plaintiff's Motion to Deem Requests for Admission Admitted by Defendant, as follows:

**I.    INTRODUCTION**

Although lacking in prejudice to Plaintiff's maintenance of this case on the merits, Defendant concedes that he untimely responded to Plaintiff's Requests for Admissions by about three weeks. However, Defendant's untimely responses resulted from the mistaken belief of Defendant's counsel that Plaintiff was willing and able to imminently settle the case without incurring further costs and expenses.[1] Notwithstanding Defendant counsel's mistaken oversight, Plaintiff's motion has no authoritative or precedential basis, is not the proper vehicle for addressing deemed admissions, and should in all respects be denied.

---

[1] Defendant provides more detailed factual background in his Motion to Withdraw or Amend Deemed Admissions, which will be filed in conjunction with this response.

## II.    ARGUMENT

Plaintiff has filed this motion pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a). *See* Dkt. 14, p. 1. FRCP 37(a) provides authority for a party to bring a motion to compel disclosure or discovery pertaining to other specific discovery rules, as follows:

> (3) ***Specific Motions.***
>    (A)   *To Compel Disclosure.* If a party fails to make a disclosure required by ***Rule 26(a)***, any other party may move to compel disclosure and for appropriate sanctions.
>    (B)   *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>       (i)   a deponent fails to answer a question asked under ***Rules 30 or 31***;
>       (ii)   a corporation or other entity fails to make a designation under ***Rule 30(b)(6) or 31(a)(4)***;
>       (iii) a party fails to answer an interrogatory submitted under ***Rule 33***, or
>       (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under ***Rule 34***.
>    (C)   *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

Fed. R. Civ. P. 37(a)(3) (emphasis added). As explicitly stated, FRCP 37(a) pertains to compelling Rule 26(a) disclosures or compelling answers, designations, productions, or inspections requested under Rules 30 (i.e., Oral Depositions), 31 (i.e., Written Depositions), 33 (i.e., Interrogatories), and 34 (i.e., Production or Entry onto Land for Inspection and Other Purposes). Clearly, FRCP 37(a) does not pertain to a party's failure to respond, or even a party's untimely responses, to an opposing party's Requests for Admission as governed under Rule 36.

Instead, a party's failure to respond to an opposing party's Requests for Admission within the required timeframe results in the requested matters being automatically admitted as a matter of law. *See* Fed. R. Civ. P. 36(a)(3); *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005); *Jesusdaughter v. Scoleri*, No. 02-cv-00084-REB-BNB, 2007 U.S. Dist. LEXIS 16275, at

2

*4 (D. Co. Mar. 5, 2007). As a consequence, the requesting party may use the admitted matters as conclusively established evidence for proceedings only within the instant case, "unless the court, on motion, permits the admission[s] to be withdrawn or amended."[2] *See* Fed. R. Civ. P. 36(b); *Raiser*, 409 F.3d at 1246; *Jesusdaughter*, 2007 U.S. Dist. LEXIS 16275, at *4. Before a final pre-trial order has been issued, *see* Fed. R. Civ. P. 16(e), a motion to withdraw or amend deemed admissions requires meeting a two-prong test: (1) the movant shows that it would promote the presentation of the merits of the action, and (2) the non-movant fails to show that it would prejudice the requesting party to maintain or defend the action on the merits, *see* Fed. R. Civ. P. 36(b); *Raiser*, 409 F.3d at 1246; *Jesusdaughter*, 2007 U.S. Dist. LEXIS 16275, at *4–6; *see also Conlon v. U.S.*, 474 F.3d 616, 621–22 (9th Cir. 2007); *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000). This test focuses "on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for" failing to meet the deadline. *Raiser*, 409 F.3d at 1247 (quoting *In re Durability Inc.*, 212 F.3d at 556) (internal quotation marks omitted). Logically, precedent identifies the movant as the party moving to withdraw or amend the deemed admissions, and the non-movant as the party opposing such a motion. Here, Plaintiff's motion turns the situation on its head with no explanation for how to resolve it in accordance with precedent.

Thus, Plaintiff's motion is without authority under Rule 37(a) and otherwise unnecessary. The proper vehicle for addressing whether the facts and opinions covered by Plaintiff's Requests for Admission should be conclusively established is a motion to withdraw or amend the deemed

---

[2] Some courts have held that a formal motion is not always required and that a withdrawal may be imputed from a party's actions, such as filing a late response. *See, e.g.*, *U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).

admissions brought by the Defendant. *Cf. SBM Site Services, LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 U.S. Dist. LEXIS 41527, at *4 (D. Co. Apr. 12, 2011) (noting that the real relief the defendant should be seeking "is an order allowing him to withdraw his admissions"). Given that Plaintiff does not wish to accept Defendant's admissions, denials, and objections as stated in his belated responses to Plaintiff's Requests for Admission, and in order to avoid any later dispute as to the effect of Defendant's untimely discovery responses, Defendant will appropriately file a motion to withdraw or amend the deemed admissions in conjunction with filing this response to Plaintiff's motion. Then, in response to Defendant's motion, Plaintiff will have the appropriate opportunity to address why, if at all, withdrawal or amendment of the admitted requests would be prejudicial to his maintenance of this lawsuit on the merits.

## III.    CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's Motion to Deem Requests for Admission Admitted by Defendant because Plaintiff's motion is not authorized under Rule 37(a) and is otherwise unnecessary.

Respectfully submitted,

Charles W. Hanor
Charles W. Hanor, P.C.
750 Rittiman Road
San Antonio, Texas 78209
Telephone: (210) 829-2002
Fax: (210) 829-2001

By_____
        Charles W. Hanor
        Texas Bar No. 08928800

ATTORNEYS FOR DEFENDANT

4

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk of Court and served on Plaintiff's counsel on October 28, 2011 by means of the Court's Electronic Case Filing (ECF-Pacer) system, which will send notification of such filing to the following:

    Stephen A. Kennedy
    KENNEDY CLARK & WILLIAMS, P.C.
    1700 Pacific Avenue, Suite 1280
    Dallas, TX 75201
    Telephone: 214-979-1122
    Facsimile: 214-979-1123
    skennedy@kcwfirm.com

_____
Charles W. Hanor