IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01878-MSK-MEH

WILLIAM C. SPENT, JR., d/b/a Spent Saddlery & Feeds,

Plaintiff,

v.

DAN GEOLFOS,

Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND OVERRULE UNTIMELY OBJECTIONS**

### I. Introduction

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the District of Colorado, William C. Spent, Jr. d/b/a Spent Saddlery & Feeds ("Spent" or "Plaintiff") files this Reply to Defendant Geolfos's Response to Plaintiff's Motion to Compel Production of Documents and Overrule Untimely Objections, and states the following.

### II. Argument & Authorities

In response to Plaintiff's focused and concise five-page Motion to Compel, which argues that Defendant should not be able to turn a blind eye to the Federal Rules of Civil Procedure, the Local Rules for the District of Colorado, and established case law by completely ignoring Plaintiff's properly served discovery requests, the Defendant files a twenty-one page Response that is filled with extraneous information, flawed logic, and pages upon pages of excuses in an

1

attempt to justify his recalcitrance. In fact, the Defendant does not even attempt to argue that he had good cause for ignoring Plaintiff's discovery responses until the thirteenth page of his Response.[1] But even then, the Defendant tries to blame Plaintiff and convince this Court that he had good cause for ignoring the discovery requests because "Plaintiff did not express any interest in receiving Defendant's discovery responses." Doc. 23, at 14. Evidently, the Defendant believes and suggests to this Court that Plaintiff—after properly serving discovery requests—is under a continuing obligation to periodically communicate to the Defendant that it still has an "interest in receiving Defendant's discovery responses." *Id.* Needless to say, this is not how discovery works, nor is it contemplated by the Federal Rules of Civil Procedure. The Defendant also appears to suggest that as long as he "believe[d] that Plaintiff was willing and able to imminently settle the case," *id.*, he was relieved from adhering to the Federal Rules and had "good cause" not to answer pending discovery responses. Furthermore, although the Defendant's counsel claims that he did not "consciously disregard or intentionally ignore the September 13, 2011 deadline," *id.*, his own recitation of the facts and timeline leading up to the missed deadline establishes that he did just that. Defendant's counsel does not contend that he was unconscious, incapacitated, or otherwise unable to respond to Plaintiff's properly served discovery requests. Instead, he indicates that his thoughts about responding to the discovery were "superseded" because of his hopes that the case would settle and the fact that in previous

---

[1] Defendant's first argument is that movant failed to "properly confer" regarding Defendant's total refusal to respond in any way to Plaintiff's discovery requests. *See* Doc. 23, at 7. But even the defendant acknowledges that the Federal Rules allow a party to file a motion to compel after the movant has "attempted to confer with the person or party failing to make disclosure or discovery." *Id.* (citing Fed. R. Civ. P. 37(a)(1)). In the instant case, movant attempted to confer in good faith, but Defendant's counsel refused. As Plaintiff's Motion makes clear, Plaintiff's position is that Defendant should be precluded from raising objections to the discovery requests and, instead, should answer all requests fully. Even after Plaintiff's counsel made its position clear, the defendant chose to serve untimely discovery responses that are replete with objections and are admittedly withholding responsive information. Consequently, it is obvious than additional or different "conferring" would have had no effect.

communications with Plaintiff's counsel, "Plaintiff did not express any interest in receiving Defendant's discovery responses." *Id.*

The Defendant's counsel also tries to minimize the consequences of his euphemistically labeled "technical oversight," *id.* at 15, by inaccurately representing to this Court that "a waiver of objections would not lead to the discovery of any additional evidence relevant to the presentation or merits of Plaintiff's case." *Id.* Defendant's counsel is admittedly withholding documents and other information based on his flawed argument that regardless of when Plaintiff first learned of his client's infringing acts, he is only obligated to produce documents and information that cover the last three years. In particular, the Defendant argues: "because of the three year statute of limitations for copyright infringement imposed under the Copyright Act, . . . Defendant does not possess any other documents or information <u>that could be responsive</u> to Plaintiff's requests for production and interrogatories." *Id.* at 13 (emphasis added). It has become abundantly apparent to Plaintiff and his counsel that the Defendant will not provide any information or documents regarding his infringing acts that occurred more than three years ago. As Plaintiff's counsel has attempted to explain to the Defendant's counsel: Section 507(b) of the Copyright Act simply states that "no civil action shall be maintained under the provisions of this title <u>unless it is commenced within three years after the claim accrued</u>." 17 U.S.C. § 507(b) (emphasis added). The three-year time period actually begins, however, when the victim, exercising reasonable diligence, discovers the infringement. This is commonly known as "the discovery rule," and was specifically addressed recently in *Graham v. Haughey*, 568 F.3d 425 (3d. Cir 2009). The *Graham* court held that without contrary instructions from Congress, the discovery rule governs the accrual of civil claims brought under the copyright act. *Id.* at 434.

Furthermore, as this case shows, technological advances and the internet make it increasingly more difficult for copyright holders to effectively protect and police their copyrights. Thus, courts apply the discovery rule to civil copyright actions in the interest of fairness. In fact, the vast majority of circuit courts have held that the discovery rule applies to

civil actions under the Copyright Act.  *See, e.g., Jordan v. Sony BMG Entertainment, Inc.*, 354 Fed. Appx. 942 (5th Cir. (Tex.) 2009).

As Plaintiff has indicated to the Defendant's counsel on numerous occasions, Mr. Spent was not aware of the Defendant's infringing actions until late 2010, during discovery in another copyright-infringement action.  Within two months of discovering the infringing acts, Plaintiff Spent filed suit against the Defendant.  Consequently, Plaintiff followed the discovery rule and brought suit as soon as he reasonably could after discovering the copyright infringement.  Thus, the Defendant's objections to produce additional document and information based on the three-year statute of limitations for copyright infringement are misplaced, and he should not be allowed to continue to withhold responsive documents and information based upon his flawed argument.

In fact, even a cursory review of the Defendant's untimely discovery responses and his Response to Plaintiff's Motion to Compel establishes beyond any doubt that he is withholding a wealth of information and an abundance of documents based on specious objections.  For example, even though the Defendant had no legitimate basis for raising any objections after missing the deadline for responding to Plaintiff's discovery requests, he has raised numerous "general" objections based on—and assumedly or admittedly is withholding documents and information also based on—"cumulative[ness] or duplicative[ness] . . . attorney-client privilege, work-product privilege, privilege accorded to settlement materials or other applicable privileges . . . [and] confidential business information and trade secrets."  *See* Def.'s Ex. G at 2-3.  In addition, the Defendant also raised unsubstantiated but separate boilerplate objections based on his untimely contention that the Plaintiff's discovery requests are "overly broad, unduly burdensome, and oppressive."  *Id.* at 4-10.  In his Response, moreover, the Defendant freely admits to withholding documents and information based on his inaccurate belief that the three-year statute of limitations for copyright infringement relieves him of his obligation to produce any documents created prior to 2008.  In particular, the Defendant suggests that his

understanding of the three-year statute of limitations for copyright infringement "inherently limited" his discovery responses because he believes his infringing acts—prior to 2008—are not relevant. Doc. 23, at 16. More specifically, the Defendant states that he will not produce information or documents "[w]ith respect to Plaintiff's interrogatories 3, 4, 7, 8, 9, 10, and 13, as well as Plaintiff's requests for production 3, 4, 5, 7, 8, 9, 10, 11, and 12," *id.* at 17, because he believes the requests are not limited to the three-year statute of limitations period for a copyright-infringement action." *Id.* The Defendant also freely admits to withholding other documents and information in response to Plaintiff's Requests for Production 13 and Plaintiff's Interrogatories 12 and 14, in part, "[f]or similar reasons . . . [b]ecause of the three year statute of limitations," *id.*, as well as other objections which could have and should have been raised in a timely response to Plaintiff's discovery requests.

### III. Conclusion

Defendant's counsel seeks this Court's after-the-fact permission to ignore properly served discovery requests in violation of the Federal Rules of Civil Procedure, the Local Rules for the District of Colorado, and established case law. His justification for doing so is threefold. First, he argues that Plaintiff's counsel should have expressed more of an interest in receiving Defendant's discovery responses. Second, he contends that adhering to the discovery deadline was not at the forefront of his mind because he was more concerned with hoping to settle the case "to minimize the financial and emotional impact of this lawsuit on Defendant." *Id.* at 14. Third, although he does not dispute that Plaintiff first learned of his client's infringing activity in 2010, he erroneously claims that he is not obligated to produce documents or information that existed prior to 2008 because the statute for limitations in a copyright-infringement action is only three years. As this Court should readily see, none of the Defendant's excuses for not responding to the Plaintiff's properly served discovery requests rises to the level of "good cause." Consequently, this Court should grant Plaintiff's Motion to Compel Production of Documents and Overrule Untimely Objections in full.

Accordingly, Plaintiff requests that this court enters an order: overruling Defendant's untimely objections to Plaintiff's First Set of Interrogatories and Requests for Production, compelling Defendant's complete responses to Plaintiff's First Set of Interrogatories, and compelling Defendant to produce all documents responsive to Plaintiff's First Set of Requests for Production.

Dated:  November 21, 2011

>Respectfully submitted,
>
>By: */s/ Stephen A. Kennedy*
>Stephen A. Kennedy
>skennedy@kcwfirm.com
>Texas State Bar No. 11300425
>Kenneth P. Kula
>kkula@mkwpc.com
>Texas State Bar No. 24004749
>
>**MCDOLE, KENNEDY & WILLIAMS, P.C.**
>1700 Pacific Avenue, Suite 1280
>Dallas, Texas 75201
>Telephone:  214-979-1122
>Facsimile:  214-979-1123

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document is being filed and served on all parties by means of Court's Electronic Case Filing system on November 21, 2011.

>*/s/ Stephen A. Kennedy*
>Stephen A. Kennedy