IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01878-MSK-MEH

WILLIAM C. SPENT, JR., d/b/a Spent Saddlery& Feeds,

    Plaintiff,

v.

DAN GEOLFOS,

    Defendant.

## ORDER ON PENDING MOTIONS

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel Production of Documents and Overrule Untimely Objections [filed October 17, 2011; docket #16] and Defendant's Motion to Withdraw or Amend Deemed Admissions [filed October 28, 2011; docket #19]. The matters are referred to this Court for disposition. (Dockets #17 and #20.) The motions are fully briefed, and the Court finds that oral argument would not assist the Court in its adjudication of the motions. For the reasons that follow, the Court **grants in part and denies in part** each motion as set forth herein.

**I.**     **Background**

This lawsuit originated in the Western District of Texas, and was transferred to this Court on July 20, 2011. Plaintiff alleges generally that Defendant infringed Plaintiff's copyrighted artwork by advertising and selling items containing the protected work. Docket #1-1 at 9. Defendant responded to the Amended Complaint by filing an Answer essentially denying Plaintiff's allegations. *See* docket #1-12 at 5.

The discovery cutoff in this case is January 31, 2012. Plaintiff filed the present motion arguing that he propounded requests for interrogatories and production of documents on the

Defendant on August 11, 2011, and that responses to the discovery requests were due to be submitted on or before September 13, 2011. According to Plaintiff, Defendant failed to submit responses by that time and on October 3, 2011, Plaintiff's counsel alerted defense counsel of the deficiency. Plaintiff claims that, although Defendant submitted responses to the requests for production the following day, and responses to the requests for interrogatories on October 13, 2011, any objections to the requests are untimely and have been waived. Furthermore, Plaintiff contends that no documents were actually produced with the responses.

Defendant counters that after having received Plaintiff's August 11, 2011 discovery requests, Defendant served Plaintiff with a Rule 68 offer of judgment on September 2, 2011 and Plaintiff contacted Defendant concerning the offer on September 13, 2011. Defendant asserts that this contact led defense counsel to believe that "Plaintiff was willing and able to imminently settle the case without incurring further costs and expenses." Docket #23 at 5. Defendant contends that the next communication from the Plaintiff came in the form of an email from Plaintiff's counsel during the evening of October 3, 2011 seeking Defendant's position on the attached motion to compel. *See* docket #16-4. When defense counsel saw the email the following morning, he immediately faxed to Plaintiff Defendant's responses to the requests for production at 1:45pm, then responses to the interrogatories at 1:58pm that same day, October, 4, 2011. Apparently, once defense counsel was able to get the Defendant's signature on the responses to interrogatories, he resubmitted the same copy, now executed, on October 13, 2011.

Following submission of the discovery responses, Plaintiff's and Defendant's counsel spoke by telephone and discussed potential settlement of the case. According to Defendant, the conversation focused on settlement as opposed to discovery, except that defense counsel promised to get copies of the requested documents to the Plaintiff as soon as possible. Defendant contends that he had no further communication with Plaintiff until after the present motion was filed.

Defendant states that he mailed the requested documents to his counsel the following week, but defense counsel was out of town and was unable to get the documents to Plaintiff until October 18, 2011. Defendant argues that Plaintiff did not properly confer before filing the present motion in accordance with Fed. R. Civ. P. 37(a), that Plaintiff's motion is insufficient for failure to identify the alleged deficiencies in Defendant's responses to the discovery requests, that Defendant can show good cause for the untimely responses, and that Defendant has fully complied with his obligation to respond to the discovery requests.

## II.    Motion to Compel

The Court construes Plaintiff's motion as seeking two orders: (1) declaring that objections stated in Defendant's responses to the requests for interrogatories and requests for production of documents are waived as untimely; and (2) compelling the Defendant to produce complete responses to interrogatories and all documents requested. To determine whether granting the present motion to compel is justified, the Court will address each of Defendant's challenges in turn.

### A.    Conferral Requirement

Before filing a motion to compel, the Federal Rules of Civil Procedure require a movant to "in good faith confer[ ] or attempt to confer[ ] with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Likewise, the local rules of this Court mandate that the Court "will not consider any motion ... unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter." D.C. Colo. LCivR 7.1A.

The language of Rule 37(a)(1) and Local Rule 7.1A is important and the requirements are not satisfied by a party making a demand for compliance. As noted in *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003),

3

> To confer means "to hold a conference; compare views; consult together." The American Heritage Dictionary of the English Language 278-79 (Ninth Printing 1971). The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements of Rule 7.1A. (internal citation omitted). Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

*Id.* at 635-636.   The Court judges the reasonableness of a movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality. *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) ("The quality of the contacts is far more important than the quantity.").

Here, Plaintiff's "Certificate of Conference" states that counsel for Plaintiff conferred with defense counsel on October 3 and 4, 2011, and that defense counsel indicated he is opposed to the motion because his client should not suffer the consequences of his mistake. Docket #16 at 5. The certificate also states that the parties discussed whether the case could be settled to avoid the fees and costs associated with a motion to deem the untimely requests for admissions admitted. *Id.* The certificate concludes with "[d]iscussions have reached an impasse; therefore, an open issue remains for the Court to resolve." *Id.*

Defendant argues that neither Plaintiff's October 3, 2011 email accompanying the motion to compel nor the October 4, 2011 email following counsels' telephone conversation satisfy the requirement to confer. Likewise, Defendant claims that the conversation between counsel on October 4, 2011 focused almost entirely on settlement and not on discovery, except for defense counsel's statement that he would send copies of the requested documents to Plaintiff as soon as possible. Defendant contends that Plaintiff's lack of discussion or attempt to confer concerning any

purported deficiencies in his discovery responses invalidates the motion pursuant to the federal and local rules.

Plaintiff's only response concerning this issue is found in a footnote in Plaintiff's reply brief. Plaintiff contends that "movant attempted to confer in good faith, but Defendant's counsel refused." Docket #35 at 2 n.1. According to Plaintiff, "[e]ven after Plaintiff's counsel made its position clear, the defendant chose to serve untimely discovery responses that are replete with objections and are admittedly withholding responsive information. Consequently, it is obvious than [sic] additional or different 'conferring' would have had no effect." *Id.*

The Court disagrees, based simply on the undisputed chronology of events. On September 13, 2011, Plaintiff's counsel sent a letter to defense counsel concerning discrepancies in the second Rule 68 offer of judgment. According to the letter, the discrepancies "affect [the Plaintiff's] time to respond to the offer under Fed. R. Civ. P. 68(a)" and provide that "[i]nsofar as Mr. Geolfos has not tendered a bona fide second Rule 68 offer, we suggest he resubmit a properly titled amended second offer of judgment and one that certifies service on the day it is actually sent." *See* docket #23-4. Defendant concedes that he mistakenly believed this letter indicated the Plaintiff's willingness to consider an imminent settlement. The very next communication was an email from Plaintiff's counsel, dated October 3, 2011 at 6:26pm, to defense counsel stating simply, "Please [see] the attached motion and, after reading it, let me know if you oppose it." Docket #16-4. Attached to the email was a one-and-a-half-page draft motion to compel arguing that "[a]s of October 3, 2011, Defendant had failed to respond to Plaintiff's discovery with no explanation, and without having made any effort to contact opposing counsel," and "[c]ounsel for Plaintiff advised defendants' attorney of the deficiency on October 3, 2011." Docket #23-6.

The next day, after receiving the email, defense counsel immediately served responses to Plaintiff's interrogatories and request for production of documents. Upon receipt of these responses,

Plaintiff's counsel sent a second email requesting Defendant's position on the same draft motion to compel. *See* docket #23-9. The email mentions nothing about the responses to interrogatories or request for production of documents. *Id.* Upon receipt of the email, defense counsel called Plaintiff's counsel and left a voicemail, then followed with a return email. Docket #23-10. In the next several minutes, both counsel spoke by telephone; according to Plaintiff's counsel, the conversation consisted of defense counsel conceding he had made a mistake and "the parties also discussed whether the case could simply be settled to avoid fees and costs associated with filing motions to compel discovery." Docket #16 at 2. According to defense counsel, the conversation focused on settlement of the case and whether Defendant could pay more than that offered in the second Rule 68 offer of judgment, but defense counsel also apparently informed Plaintiff's counsel that he would soon produce the requested documents. Docket #23 at 6. Plaintiff's counsel followed up this conversation with an email saying, "As we discussed over the telephone, we are reviewing the issue and look forward to hearing back from you at the appropriate time." Docket #23-11. According to both parties, no further discussions took place before the present motion was filed.

Although the Court finds Plaintiff notified Defendant of his position that the discovery responses were not served on a timely basis, there is no indication that Plaintiff ever communicated his position that Defendant's objections were waived or that he perceived any deficiencies in the discovery responses before filing the present motion. Because the rules require conferral on "disputed matter[s]" raised in a motion to compel, the Court finds that Plaintiff has failed to comply with Fed. R. Civ. P. 37(a) and D.C. Colo. LCivR 7.1A.

The Court may deny the motion without prejudice for this procedural deficiency (*see* MSK Practice Standards, Civil Actions, V.C.); however, because the Defendant has challenged the substantive merits of the motion, the Court will proceed to address them.

B.    Good Faith for Untimely Objections

Rule 33 governing interrogatories provides, in pertinent part, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories" (Fed. R. Civ. P. 33(b)(2)) and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). In addition, although not specifically stated in Fed. R. Civ. P. 34 governing the production of documents, "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection." *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (citing cases) (finding that objections first asserted 71 days after service of discovery requests and where no good cause for the delay was articulated were waived).

First, there is no dispute that Defendant's objections to Plaintiff's discovery requests are untimely under the rules. Therefore, the Defendant must demonstrate good cause for the delay in making untimely objections.

Defendant argues that, because he is an elderly, self-employed small business owner responsible for the care of a mentally disabled wife, his counsel has attempted to avoid the costs of litigation by focusing on possible settlement of this case. According to Defendant, unlike the Plaintiff's silence following Defendant's first offer of judgment, the Plaintiff showed interest in responding to the second offer of judgment, which was filed September 2, 2011. As such, defense counsel mistakenly believed that settlement was imminent at the time discovery responses were due.

Upon being informed of his mistake, defense counsel immediately served responses to Plaintiff's discovery requests. During the telephone conversation that occurred the same day between counsel, Plaintiff's counsel asked whether Defendant might pay more than that offered in the second offer of judgment and defense counsel said he would discuss the proposal with his client and get back to Plaintiff's counsel. Plaintiff's counsel followed up with an email saying, "As we discussed over the telephone, we are reviewing the issue and look forward to hearing back from you

at the appropriate time."

Although defense counsel was incorrect to believe that responses to discovery need not be made by the September 13, 2011 deadline (and admits as much), the Court finds good cause for Defendant's 21-day delay[1] in serving responses, including objections, to Plaintiff's discovery requests. Certainly, the preferable course in this case would have been for defense counsel to raise the timeliness issue of discovery responses during any settlement negotiations (or any communications, for that matter, during the same time period) to determine Plaintiff's position. However, based upon the communications between counsel as set forth in the briefing, including Plaintiff's October 4, 2011 email confirming the settlement "issue" and Plaintiff's anticipation in awaiting a response from Defendant to the settlement discussions, the Court finds it reasonable that defense counsel would have been focused on settlement under the circumstances and, therefore, there is good cause for the very short delay in serving responses, which has had no effect on the January 31, 2012 discovery cutoff.

Plaintiff argues that this case is the same or similar to that in *Pham*, 193 F.R.D. at 662 and, therefore, this Court should conclude Defendant waived his right to object to the discovery requests. However, the Court finds the circumstances in *Pham* distinguishable from this case. While it is true that the defendant in *Pham*, like Defendant here, failed to serve timely responses to the discovery requests and failed to seek an extension of time within which to do so, the *Pham* court found that the defendant in that case also responded to discovery, including objections, ***only*** after being ordered to do so by the court and the defendant never explained nor attempted to articulate good cause for the delay.

---

[1]The Court acknowledges that Defendant's responses to interrogatories served on October 4, 2011 omitted the Defendant's signature (docket #23-8), but that a fully executed identical set was served October 13, 2011 (docket #16-6).

In this case, Defendant has demonstrated good cause for his delay in serving discovery responses and, therefore, his failure is excused and his objections are not waived under Fed. R. Civ. P. 33 and 34. The Plaintiff's motion is denied in this respect.

### C. Sufficiency of the Motion

The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) ("[t]he burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false.").

In his motion, Plaintiff seeks an order compelling complete responses to his interrogatories and production of all requested documents, presumably with the waiver of Defendant's objections. Defendant counters that Plaintiff's motion is insufficient on its face because it fails to identify any deficiencies in Defendant's responses. The Court agrees that the motion itself fails to identify any such deficiencies.

However, Defendant proceeds to argue that his responses and objections are nonetheless sound, particularly with respect to relevancy. Specifically, Defendant contends that Plaintiff's interrogatories 3, 4, 7, 8, 9, 10 and 13, and Plaintiff's requests for production 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 seek information that is outside the three-year statute of limitations for copyright infringement. According to Defendant, "any evidence that existed more than three years prior to the date of Defendant's misjoinder to Plaintiff's former lawsuit, on November 22, 2010, would have absolutely no relevance to this case and would far exceed the bounds of fair discovery." Docket #23 at 17.

Plaintiff counters that Defendant's argument is "flawed" by proffering that "regardless of

when Plaintiff first learned of [Defendant]'s infringing acts, he is only obligated to produce documents and information that cover the last three years." Docket #35 at 3. Plaintiff contends that the proper interpretation of the Copyright Act's statute of limitations is known as the "discovery rule" and provides that "[t]he three-year time period actually begins, however, when the victim, exercising reasonable diligence, discovers the infringement." *Id.* Plaintiff concludes that because he followed the discovery rule in filing this action as soon as possible after becoming aware of the alleged infringement in late 2010, "the Defendant's objections to produce additional document[s] and information based on the three-year statute of limitations for copyright infringement are misplaced, and he should not be allowed to continue to withhold responsive documents and information based upon his flawed argument." *Id.* at 4.

The Court agrees that the discovery rule has been adopted by courts in this District and likely would be adopted by the Tenth Circuit. *See Home Design Servs., Inc. v. B&B Custom Homes, LLC*, 509 F. Supp. 2d 968, 971-72 (D. Colo. 2007) (citing cases). As such, the Plaintiff in this action "would be entitled to recover damages on any infringement that occurred within three years of the time when Plaintiff knew or should have known of the existence and cause of the injury, which is the basis of Plaintiff's action." *Id.* at 972. In this case, Plaintiff alleges that he learned in "late 2010" of the alleged infringement[s]. Neither Plaintiff's briefing nor the Amended Complaint (docket #1-18) specify the actual date of discovery, and the Plaintiff makes no argument nor provides any case law supporting his discovery requests seeking documents and information dated back to 2001. Consequently, the Court finds that information and/or documents regarding any nonprivileged matter concerning the parties' claims and defenses in this case dating back three years prior to the alleged date of discovery of the infringements may be reasonably calculated to lead to the discovery of admissible evidence. Thus, absent further information or argument, the Court concludes that the relevant time period for discovery in this case is September 1, 2007 to the present.

The motion to compel discovery responses withheld due to Defendant's relevance objection concerning the statute of limitations is granted in part and denied in part; to the extent the Defendant has withheld nonprivileged documents and/or information dated back to September 1, 2007, the Court orders the Defendant to produce such documents and/or information in response to Plaintiff's discovery requests on or before December 15, 2011.

With respect to Defendant's other objections, the Plaintiff simply characterizes them as "unsubstantiated" without further argument. Docket #35 at 4. Thus, the Plaintiff has not met his burden to prove Defendant's responses/objections (other than those concerning the statute of limitations) are incomplete, and the motion is denied in this respect.

The Court makes one final note. It is unclear from the briefing whether Defendant has produced all documents and/or information he attested he would produce in his discovery responses. To the extent he has not done so, the Defendant is ordered to produce all documents and information he agreed to produce in the October 4, 2011 and October 13, 2011 discovery responses on or before December 15, 2011. If Defendant fails to comply with this order, he and/or his attorney may be subject to sanctions.

**III.   Motion to Withdraw or Amend Deemed Admissions**

No one disputes that Defendant failed to respond by September 13, 2011, to the Plaintiff's requests for admissions; therefore, the requests were deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). However, Rule 36(b) allows a court to withdraw or amend the deemed admissions on motion and a showing that "it would promote the presentation of the merits

of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defendant the action on the merits." Fed. R. Civ. P. 36(b).

The first prong of the Rule 36(b) test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005) (internal quotations and citation omitted). The second prong of the test requires the non-moving party to "show that it would be prejudiced by the withdrawal of [the] admissions." *Id.* "Mere inconvenience does not constitute prejudice for this purpose." *Id.* Rather,

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required. ... The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

*Id.* (internal quotations and citations omitted).

Consideration of Rule 36(b)'s two-pronged test and this Court's order on Plaintiff's motion to compel lead me to conclude that Defendant should be allowed to withdraw the deemed admissions and to substitute his written responses submitted on October 4, 2011, except to the extent such written responses object to providing information dated prior to 2008 based upon Defendant's interpretation of the Copyright Act's three-year statute of limitations. *See* Defendant's Amended Response to Plaintiff's First Set of Requests for Admission, docket #19-2. First, as set forth above, the Court concludes that the relevant time period for discovery in this case is September 1, 2007 to the present. Therefore, to the extent any responses to the requests for admission are inaccurate based upon a different time period, the Defendant must amend such responses on or before December 15, 2011.

With respect to Rule 36(b)'s test, the Court finds that enforcing the deemed admissions

would practically eliminate any presentation of the merits of the case. For instance, deeming certain requests admitted would remove from controversy several ultimate issues of fact including whether Defendant created and/or sold team penning molds, dies, motifs, bolo ties, pins or money clips (*id.* at Request for Admission Nos. 3, 4, 6, 8, 9 and 10) and, particularly, whether Defendant had permission to reproduce Plaintiff's alleged Protected Work (*id.* at Request for Admission Nos. 16 and 17).

In addition, the Court finds that the Plaintiff has failed to establish that he will suffer any prejudice in maintaining his claims on the merits if the admissions are allowed to be withdrawn. Plaintiff's only arguments in this matter are that Defendant should not be allowed to submit untimely responses, that Defendant's responses contain objections based upon an incorrect interpretation of the Copyright Act's statute of limitations (addressed herein), and that Defendant's responses to certain requests for admission are untrue. Plaintiff makes no argument that he will be prejudiced in his ability to bring his claims against Defendant based upon these alleged deficiencies. In fact, the Court perceives no prejudice here; the responses were only twenty-one days late, the discovery cutoff in this case is still nearly two months hence, no dispositive motions have been filed based upon any deemed admissions, and there appears to be nothing preventing the Plaintiff from presenting his theory(ies) regarding the truth of Defendant's admissions, or denials thereof, in his case.

**IV.   Conclusion**

Accordingly, the Court **grants in part and denies in part** Plaintiff's Motion to Compel Production of Documents and Overrule Untimely Objections [filed October 17, 2011; docket #16] and Defendant's Motion to Withdraw or Amend Deemed Admissions [filed October 28, 2011; docket #19] as set forth herein.

Dated at Denver, Colorado, this 7th day of December, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge